```
                        United States Bankruptcy Court
                         Southern District of Florida
```

In re:                                                   Case No. 15-14545-AJC
Felix A Arencibia                                        Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1         User: catalan             Page 1 of 1         Date Rcvd: Aug 06, 2015
                             Form ID: pdf004          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2015.
db              Felix A Arencibia,    11122 NW 1st Terrace,    Miami, FL  33172-3610

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

___

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 08, 2015                              Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2015 at the address(es) listed below:
              Evan S Singer    on behalf of Creditor    Green Tree Servicing LLC ess@padgettlaw.net,
               pwh@padgettlaw.net;ged@padgettlaw.net;jld@padgettlaw.net;mhm@padgettlaw.net;mv@padgettlaw.net
              Maria   Yip     trustee@yipcpa.com, myip@ecf.epiqsystems.com
              Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
              Robert   Sanchez, Esq    on behalf of Debtor Felix A Arencibia court@bankruptcyclinic.com,
               courtECFmail@gmail.com
                                                                                             TOTAL: 4



**ORDERED in the Southern District of Florida on August 5, 2015.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 15-14545-AJC |
| Felix A Arencibia<br>AKA Felix Antonio Arencibia, Felix Arencibia, Felix Antonio Arencibia Bouza, Felix A Arencibia Bouza, Felix Arencibia Bouza, Felix A Arenciaba Bouza | Chapter 7 Proceeding |
| _____Debtor_____/ | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise

and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED:**

1. The Motion is GRANTED and the settlement APPROVED.

2. The Debtor will pay the Trustee $6,000.00 in a lump sum payment on or before August 15, 2015; OR

3. The Debtor will pay the Trustee $6,500.00 in ten (10) payments for the amount of $650.00 starting on or before June 1, 2015 and ending on May 1, 2016.

4. The payment(s) will be by cashier's check(s) or money order(s) made payable to the order of **Maria M. Yip, Trustee** and mailed to the Trustee's office at: **2 S. Biscayne Blvd, Suite 2690 Miami, FL 33131**. The cashier's check or money order should clearly state **the NAME of the Debtor and the CASE NUMBER.**

5. As part of the Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

6. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

7. If the Debtor complies with all the terms of the Stipulation, they will keep all the real and

personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

8. If the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. If the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

10. If the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

11. The Stipulation resolves all issues between the Trustee and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

12. If the Debtor fail to timely make the payment described in paragraph 1, or fail to comply with the insurance provisions of paragraph 4, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

13. The proceeds will be allocated to the Household Goods.

14. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.

15. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

###

**Submitted by:**
Maria M. Yip, Trustee
One Biscayne Tower
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131
Telephone:  305-908-1862
Facsimile:   786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*